# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                 Criminal Case No: 1:05CR34

TERRING M. WEAVER,

      Defendant.

## ORDER/OPINION FOLLOWING PLEA HEARING

On the 16th day of May, 2005, came the United States of America and Thomas Johnston, United States Attorney for the Northern District of West Virginia, by Sharon Potter, Assistant United States Attorney, and also came the defendant Terring M. Weaver, in person and by his counsel, Gregory H. Schillace for a Hearing on Defendant's proposed Change of Plea. Prior to August 16, 2005 the United States District Court specially designated the undersigned United States Magistrate Judge to conduct a Plea Hearing and Sentencing in this case pursuant to 18 U.S.C. § 3401(a) and (c). On August 16, 2005 Defendant voluntarily waived his right to have a District Judge accept his plea of guilty and sentence him on his plea of guilty and voluntarily consented to the undersigned Magistrate Judge accepting his plea of guilty previously made to the Magistrate Judge on May 16, 2005 and voluntarily consented to the Magistrate Judge sentencing him on that plea in accordance with 18 USC § 3401(a) and (b).

On May 16, 2005 the Magistrate Judge conducted the Rule 11 change of plea proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea

Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated and signed by him on March 15, 2005, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment, to which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding aspects of said written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the misdemeanor charge contained in the Information, the undersigned Magistrate Judge would order a pre-sentence investigation report be prepared by the probation officer attending the Court, and

only after the undersigned had an opportunity to review the pre-sentence investigation report, would the undersigned make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event he rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the undersigned accepted his plea of guilty to the misdemeanor charge contained in the one-count Information, Defendant would not be permitted to withdraw his guilty plea even if the Court refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the misdemeanor charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twelve (12) months; understood that a fine of not more than $10,000 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to not more than one (1) year of supervised release; understood the Court would impose a special assessment of $25.00 for the misdemeanor conviction payable at the time of sentencing; understood that the Court may require him to pay the costs of his incarceration, supervised

release, home detention or community service, if any; understood that his actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging him with Aiding and Abetting the Filing of a False Document to the IRS, in violation of Title 26, United States Code, Section 7207, and Title 18, United States Code, Section 2.

The Court then received the sworn testimony of Jacqueline Harper and Defendant's under-oath allocution to or statement of why he believed he was guilty of the charge contained in the one-count Information. Ms. Harper testified that she is a Special Agent with the Criminal Investigation Division of the IRS. She had received a referral from the Civil Division in Bridgeport, West Virginia, regarding unpaid taxes owed by Lynn Mining. Lynn Mining was owned and operated by one Jeff Atkinson. Defendant was Atkinson's accountant for Lynn Mining. At some point in time, Lynn Mining found itself in arrears with the IRS and the State Department of Employment Programs. The State ordered Lynn Mining to cease and desist mining operations. Mr. Atkinson made arrangements with a Mr. Elkins, who owned a dormant corporation named Archie Coal, to use Mr. Elkins' corporation to continue to mine coal.

When Archie Coal later also became in arrears regarding back taxes and other liabilities, Atkinson suggested the corporation make an "offer in compromise" to the IRS to settle the back taxes. Mr. Elkins prepared a financial statement in support of the offer in compromise which included four "accounts receivables," including $500,000 Archie Coal was owed by Lynn Mining for payment of 941

4

taxes and workers' compensation premiums, $29,533.97 and $35,200.00 owed to Mr. Elkins by Lynn Mining as salary, and $4,000,000 owed Archie Coal under a previous agreement with a different mine operator.

Defendant prepared a financial statement and offer in compromise which deleted the above four accounts receivables. He advised Elkins that if the statement included those receivables, the IRS would not accept the offer in compromise. This document was submitted to the IRS.

The defendant then testified he believed he was guilty of the crime charged in the one-count Information because in February 2002, he prepared a document that did not include everything that should have been included, and gave it to his client to submit to the IRS. He knew at the time the document did not include everything it should have. He also testified he advised his client that if those items were included in the document, the IRS would not accept the offer in compromise.

From the testimony of Special Agent Harper, the undersigned Magistrate Judge concludes the offense charged in the one-count Information is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Defendant's allocution.

Thereupon, Defendant, Terring M. Weaver, with the consent of his counsel, Gregory H. Schillace, proceeded to enter a verbal plea of **GUILTY** to the misdemeanor charge contained in the one-count Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in the one-count Information.

Pursuant to Fed. R. Crim. P. 11(e)(2) and U.S.S.G. § 6B1.1(c), acceptance of the proposed plea agreement, stipulations and nonbinding recommendations are deferred until the Court has received and reviewed the presentence report prepared in this matter.

The Clerk of the Court is directed to mail certified copies of this Order to counsel of record.

DATED: August 22, 2005.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE