# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Criminal Case No: 1:05CR34

TERRING M. WEAVER,

    Defendant.

## ORDER

September 29, 2005 Defendant was sentenced to a term of 10 months of incarceration, 5 months of which to be served by imprisonment and 5 months of which to be served by home confinement with special conditions. The Court entered its judgment and commitment on September 30, 2005. On October 5, 2005 Defendant timely filed his motion to Reduce Sentence and Correct Sentence together with his Memorandum in Aid of Re-Sentencing and Attachment (character references) (Docket Entries 20 and 21). On October 6, 2005 Defendant filed his Memorandum in Supplement to Motion to Correct and Reduce Sentence and Memorandum in Aid of Re-Sentencing together with the attached affidavit of Gregory Schillace (Docket Entry 22). On October 7, 2005 Defendant's new counsel requested an emergency hearing which, after receiving assurances that the office of the United States Attorney was able to be present for the hearing, the Court scheduled for the Elkins, WV point of holding court on Tuesday, October 11, 2005.

Time being of the essence because this Court loses jurisdiction to consider a F.R.Crim.P. 35 motion to correct sentence if the same is timely filed but not acted on by the Court within seven (7)

working days of the oral pronouncement and imposition of the sentence, the Court elects to consider Defendant's motion after hearing and without giving the United States any further opportunity to respond.

## Procedural History

A one count information was filed April 4, 2005 charging Defendant with willfully aiding, abetting and counseling another in the delivery of an Offer in Compromise and Form 433-A (Personal Financial Statement to an Officer of the Internal Revenue Service which was known by Defendant to be false as to a material matter in violation of 26 USC §7207 and 18 USC 2. A proposed plea agreement was filed on the same date. Pursuant to the proposed plea agreement Defendant waived his right to proceed by indictment and agreed with the United States to plead guilty to the one count information subjecting Defendant to a maximum sentence of 12 months of imprisonment, a maximum fine of $10,000. and a special mandatory assessment of $25.00. The United States agreed to make non-binding recommendations to the Court that Defendant be sentenced at the low end of the applicable guideline range and recommend a two point reduction for acceptance of responsibility and an additional one point reduction for timely acceptance of the agreement.

On May 16, 2005 the Court conducted a Rule 11 plea hearing during which Defendant, in the presence of his counsel, Gregory Schillace, entered a plea of guilty to the misdemeanor charge contained in the one count information. At the time of Rule 11 plea hearing the Defendant allocuted testifying that he believed he was guilty of the offence charged because in February 2002 he prepared a document that did not include everything that should have been included and gave it to his client to submit to the IRS. He knew at the time the document did not include everything it should have. He also testified he advised his client that if those items were included in the document the IRS would not accept the offer in compromise. The record of the plea hearing colloquy between the Magistrate Judge and Defendant will

reflect that Defendant was advised by the Magistrate Judge and that the Defendant stated he understood that the recommendations contained in his plea agreement were not binding on the sentencing court and that the sentencing court could reject the non-binding recommendations and impose a sentence, including incarceration within the statutory maximum, that was more severe than the Defendant may then be anticipating all without permitting him to withdraw his plea of guilty. The undersigned took the Defendant's plea and prepared and filed a report and recommendation by which it was recommended to the District Judge that Defendant's plea was knowingly and voluntarily made and should be accepted . (Report and Recommendation Docket Entry 8). As of May 16, 2005 no request of designation had been made by the District Judge to the Magistrate Judge to exercise misdemeanor jurisdiction nor had the Defendant consented to the Magistrate Judge exercising jurisdiction over the misdemeanor charge pending against him. The Magistrate Judge did not then anticipate that consent would be given or that sentencing would be conducted by other than the District Judge.

Subsequent to the Rule 11 plea hearing, the Magistrate Judge was designated by the District Judge to exercise misdemeanor jurisdiction over the within case and, as a result, entered an order dated August 1, 2005 scheduling a hearing pursuant to 18 USC §3401(a) and (b) to determine if the Defendant was willing to waive his right to have a District Judge accept his guilty plea and sentence him and instead have a Magistrate Judge accept his guilty plea and sentence him on that plea (Docket Entry 9).

On August 16, 2005, during the 18 USC §3401(a) and (b) hearing Defendant, in the presence of his counsel, Gregory Schillace, voluntarily consented to the Magistrate Judge exercising misdemeanor jurisdiction including acceptance of his guilty plea to the charge contained in the one count information and to sentencing him on that charge. This was memorialized in an Order dated August 22, 2005. (Docket Entry 11). The Order required the Probation Office undertake a pre-sentence investigation of Defendant and prepare a pre-sentence investigation report for the Court on or before September 9, 2005;

the Government and Defendant to provide their versions of the offense to the probation officer by August 29, 2005; the filing of written objections to the pre-sentence investigation report and the filing of a sentencing memorandum that evaluates relevant sentencing factors and explains any proposed sentence on or before September 16, 2005; that the Probation Office shall submit to the Court the pre-sentence investigation report with any addendum on or before September 27, 2005. The same order set the sentencing hearing for September 29, 2005.

Defendant did not submit his version of the offense and did not file a sentencing memorandum for consideration by the probation officer or by the Court. Defendant did not move for a continuance of the sentencing hearing or object to the date scheduled for the sentencing hearing. During the sentencing hearing, the record will reflect that the Defendant's counsel was asked if the Defendant was ready to proceed with the sentencing hearing and replied that he was. The record will also reflect that Defendant was offered the opportunity to provide such other information he thought the Court should have; was given the opportunity to object to the legality of the proposed sentence; was offered the opportunity to speak in opposition to the proposed sentence all before the imposition of the actual sentence. The record will reflect that the Court asked the government if it was going to make a 5K1.1 motion for downward departure and the government declined to do so.

### Defendant's Contentions

Defendant contends:

1. That the sentence imposed violated FRCrimP 32(g) and 32(e)(2).

2. That he did not waive the requirements of FRCrimP 32(g) and 32(e)(2).

3. "[I]f the schedule set forth in the Rules of Criminal Procedure had been followed, then the 'version of offense' might have been timely filed, although there are questions whether that would have mattered to Mr. Schillace."

## Discussion

Defendant's motion is made under FRCrimP 35(a) and (c) which provide:

**(a) Correcting Clear Error.** Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
**(c) "Sentencing" Defined.** As used in this rule, "sentencing" means the oral announcement of the sentence.

Defendant asserts but for the Court not following the time limits prescribed by FRCrimP 32(e)(2) and (g), Defendant may have filed his version of the offense and it may have been before the Court at the time of sentencing. There can be no issue that the Court shortened the time between presentation of the pre-sentence and sentencing from the rule required 35 days to 23 days and that the parties only had the final version of the pre-sentence report 2 days prior to sentencing instead of the required 7 days.

## Waiver

The Defendant contends he did not waive the time requirements set out in FRCrimP 32. There is no issue with regard to expressed waiver. Defendant did not expressly waive the time requirements set out in FRCrimP 32. A number of Courts have considered the principle of waiver and the corollary principle of forfeiture. The Tenth Circuit held in United States v. Jones, 80 F.3d 436 (1996) "Defendant waives required minimum period between receipt of presentence report and sentencing hearing by participating in hearing without objection." The Tenth Circuit Court of Appeals noted: "Indeed, Mr. Anderson raised no objection at the hearing to the scheduling. He told the court he had an opportunity to examine the presentence report and to review it with his attorney. He further said he was unaware of any reason why the court should not then sentence him." *Id.* at 438. In reaching its decision, the Court noted three other circuits had held that a defendant waives the minimum period by participating in the sentencing hearing without objection. United States v. Navejar, 963 F.2d 732, 734-35(5th Cir. 1992); United States v. Knorr, 942 F.2d 1217, 1221 (7th Cir. 1991); and United States v. Turner, 898 F.2d 705, 714 (9th Cir.), *cert. denied,* 495 U.S. 962, 110 S.Ct. 2574, 109 L.Ed.2d 756 (1990).

In the instant case, at the sentencing hearing the Court inquired of Counsel for Defendant and Defendant:

| | |
|---|---|
| CT: | Have both counsel had an opportunity to review the pre-sentence report including any revisions and particularly the addendum that was filed to that pre-sentence report? |
| Ms. Potter: | Yes. |
| Mr. Schillace: | I have, Your Honor. |
| CT: | And Mr. Weaver, your counsel has indicated you had an opportunity to review it with him. Did you? |
| Mr. Weaver: | Yes. |
| CT. | And are there any disputes with regard to the information that is contained in the pre-sentence report? |
| Ms. Potter: | No. |
| Mr. Schillace: | No |

The record of this case and of the sentencing hearing reflects that there was no objection made to the Court's Order and Schedule for sentencing and that the Defendant willingly proceeded.

The First Circuit in United States v. Martinez-Vargas, 321 F.3d 245 (2003) held that Martinez-Vargas forfeited his right to file objections to the pre-sentence report by failing to file the objections within the 14 day time frame provided by the rules. The Court pointed out that the rules serve a threefold purpose: "they promote focused and informed resolution of disputed sentencing issues, fairness for both the government and the defendant, and efficiency in judicial administration." The Court went on to say: "Thus, a party who decides to forgo a timely objection is in a poor position to complain when the sentencing court holds him to the easily foreseeable consequences of that decision."*Id.* at 249.

In the instant case, Defendant Weaver did not file his version of the offense. He did not provide the probation officer assigned the duty to prepare the pre-sentence report with information that would place him in the best light possible. This information is due to be provided prior to the preparation of the first version of the pre-sentence report and prior to objections. A defendant who fails or refuses to avail himself of the opportunity to provide the probation officer with this information can not be prejudiced by the fact that there is not a full 35 days between the time the pre-sentence report without that

information is published and the date of the sentencing hearing.

Notwithstanding Defendant's failure to provide the probation officer with the information, the Court offered Defendant multiple opportunities during the sentencing hearing to make objections and no objections were made.

**Before accepting the findings taken from the pre-sentence:**

    Court: "Are there any disputes with regard to the information that is contained in the pre-sentence report?"
    Schillace: "No."

**After the Court announced its tentative findings:**
    Court: "Ms. Potter those would be my tentative findings, do you have any legal objections to those tentative findings as stated?"
    Answer: "No"
    Schillace: "No legal objections."

**After ruling that the tentative findings were the applicable guideline range in the case:**

    Court: "Is there anything, Mr. Schillace, that you or your client have received which I need to consider prior to proceeding with a sentence. I'm going to give both of you a chance to talk, but I mean, if you've got any documents, any additional materials that I need to consider ..."
    Schillace: "We do not at this point."
    Court: "Well this point is the time to raise it if there are any. I don't mean to be glib, but I want to make sure I have everything that I need and that you have before I announce any kind of sentence."
    Schillace: "You have all the documents."
    Court: "All right."
    Schillace: "You Honor, we believe that the Statement of Facts in the Pretrial Sentencing Report very clearly and succinctly describe the conduct that was involved in this case and the circumstances under which that occurred."

**Immediately before the Court's announcement of it's proposed sentence, Defendant made the following statement:**

"I guess the only thing I have to say is I accept the responsibility. In the 25 years that I was practicing as an accountant I never had malpractice insurance ... because I took responsibility for whatever happened, if I made a mistake, I paid for it ... I am not shirking the responsibility or trying to put it on anybody else."

**After pronouncement of the proposed sentence and prior to imposition of the sentence:**

Court: "Is there any legal reason, any reason anyone wants to argue, why I should not impose judgment in accord with what I proposed?"

Schillace: "Your Honor, we do not have a legal basis, but would ask the court to reconsider the imposition of 5 months incarceration and consider other sources including but not limited to home detention. ..."

The Fourth Circuit has not approached the exact waiver issue raised in this case by published opinion. In the unpublished opinion in United States v. Grin, 202 F.3d 261 (1999), while vacating the sentence because the District Judge denied Defendant's motion to continue his sentencing hearing because he had received the pre-sentence report too late to afford the full 35 days required under Rule 32, the Court stated in a footnote[1]: "This is not to say, however, that there can be no waiver of the thirty-five day period prior to sentencing. There may be circumstances where a waiver is expressed or may be inferred from the record."

In summary, Defendant Weaver may have forfeited[2] or impliedly waived any objection to the Court's conducting a sentencing hearing before the expiration of the 35 and 7 day requirements outlined in FRCrimP 32 by: 1) participating in the sentencing hearing without objection and 2) by not showing that he was actually prejudiced. No where has Defendant asserted that, given a few more days, the outcome at sentencing would have been different. What he in essence argues is: His counsel's failure to act may have deprived him of the opportunity to put his best foot forward at the time of sentencing.

**Rule 35**

Rule 35 may not be an appropriate vehicle for this Court to re-sentence Defendant. The facts and circumstances of Defendant Weaver's Motion (Court Violation of Rule 32 time limits and ineffective

---

[1] Not a holding of the Court.

[2] The Seventh Circuit defines "forfeiture" as: "failure to make timely assertion of a right." United States v. Jacques, 345 F.3d 960 (2003).

assistance of legal counsel) are not "arithmetical, technical ... error" as provided in Rule 35.

"The authority of the district court to modify a sentence pursuant to Rule 35(c) is severely limited." The rule 'is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997) citing to Fed.R.Crim.P. 35 advisory committee's note and United States v. Cook, 890 F.2d 672, 675 (4th Cir. 1989) noting: "[t]he power of a district court to amend a sentence does not extend to a situation where the district judge simply changes his mind."

This Court has already concluded that its holding of the sentencing hearing before the expiration of the 35 and 7 day time periods required under Rule 32 did not prevent Weaver from timely providing the probation officer with his version of the offense and other favorable information. This finding and conclusion is supported by Defendant's counsel's affidavit.

The only remaining question is whether the failures of Defendant's counsel constitute " other clear error" grounds under Rule 35 to vacate the sentence imposed on September 29, 2005.

**Ineffective Assistance of Counsel**

Based on the affidavit of Attorney Schillace filed with the supplement to Defendant's Motion, coupled with the Court's observations of Attorney Schillace's conduct during the sentencing hearing, the Court concludes Attorney Schillace's conduct in Weaver's sentencing process fell below the standard required by the law. Schillace failed to file Defendant's version of the offense notwithstanding repeated requests of his client to do so. Worse, Schillace misrepresented to Weaver that he was going to file Weaver's version of the offense but did not do it. At sentencing, in spite of the Court's offering repeated chances to object, albeit late, to the information in the presentence report, Schillace did not take advantage of the opportunity offered. At sentencing, in spite of the Court's offering repeated chances to

Schillace to give the Court information favorable to Weaver for use in sentencing under 18 USC§ 3553(a), Schillace totally failed in his duty to take advantage of the opportunity.[3]

From the affidavit of Schillace and from the fact that new counsel was making an appearance in behalf of Weaver within days of the sentencing, it is apparent that Weaver did not understand the depth of his counsel failures until after the sentencing. While Weaver should have listened to the admonitions of the Court that he could be sentenced to imprisonment, his belief in his attorney's explanations that he would not be so sentenced is understandable. The Court can easily see that the Defendant was "fed a line by his counsel" and acted on it to his detriment.

Schillace's conduct and failures deprived Defendant Weaver of a fair opportunity to be heard at sentencing. Schillace's conduct and failures deprived his client of a fair opportunity to present objections to the presentence report thus depriving Weaver of any benefits he may have had under Rule 32(b)(6)(B) and further deprived the Court of the opportunity to have the probation officer's addendum to the presentence report outlining the unresolved objections, if any, pursuant to Rule 32(b)(6)(C). Weaver's waiver or forfeiture by participating in the sentencing hearing was caused by the conduct of his counsel and was therefore not a knowing and voluntary forfeiture or waiver.

The Court has the authority under Rule 35 to rectify plain error. Schillace's conduct so tainted the sentencing process as to create plain error. It is better to vacate the sentence against Weaver now and reschedule his sentencing than to force the parties to an appeal before the Fourth Circuit Court of

---

[3]Schillace's affidavit dated October 5, 2005 states in pertinent part: "5. ...[A]lthough Mr. Weaver stated in his allocution that no promises had been made to him, I advised him that I did not believe that he would be sentenced to any jail time for his offense. 7. I did not submit a version of the offense to the probation officer. 8. On September 6, 2005, Mark A. Sneberger, a probation officer, forwarded to my office the Presentence Report, that reflected that the Defendant/s 'version of the offense' had not been submitted to the Probation Office; as indicated, that is because I did not prepare any version of the offense. 9. I did not file a sentencing memorandum on behalf of Mr. Weaver. 10. In addition, I made no objections to the Presentence Report as was required by September 16, 2005."

Appeals. The public's confidence in the integrity and fairness of the Court is promoted by such action.

In vacating the sentence, the Court expresses no opinion on the letters submitted in support of Weaver along with his motion. Those letters did not play any part in the Court's decision.

Accordingly,

1) The sentence orally imposed by the Court on September 29, 2005 is **VACATED.**

2) The judgment and commitment order dated September 30, 2005 is **VACATED.**

3) Defendant's Motion to Reduce Sentence and Correct Sentence is **GRANTED INSOFAR ONLY AS PROVIDED HEREIN.**

4) The parties shall have until the 17th day of October, 2005 within which to file any information they desire to have considered for inclusion in the an amended presentence report.

5) Once the amended presentence report, absent the probation officer's sentencing recommendations, if any, is prepared and delivered to the parties, they shall have 14 days within which to file their objections to said report.

6) Defendant shall appear before the Court at Clarksburg, WV on the December 16, 2005 at 1:00 pm, but not sooner than 7 days after receipt of the final version of the presentence investigation report for sentencing.

7) Defendant is released on his post conviction bond.

It is so **ORDERED.**

The Clerk of the Court is directed to mail certified copies of this Order to counsel of record.

DATED: October 11, 2005.

/s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE